## HALLEN *v.* JONES *et al.*

*(City Court of New York, General Term.* October 24, 1892.)

ARREST IN CIVIL ACTIONS—ORDER—UNDERTAKING.

> In an action on an undertaking, given on an order of arrest, a verdict was properly directed for plaintiff, where defendant admitted that he sued plaintiff, obtained the order of arrest, gave the undertaking with proper sureties, and consented to vacate the order after plaintiff had been arrested and held in bail, and had expended $250 in counsel fees, and in obtaining sureties to secure release.

Appeal from trial term.

Action by James D. Hallen against William G. Jones, principal, and Josephine S. Jones and Frederick W. Klein, sureties, on an undertaking given on an order of arrest. From a judgment entered on a verdict directed for plaintiff, defendants appeal. Affirmed.

Argued before VAN WYCK and MCCARTHY, JJ.

*J. E. Berry,* for appellants. *James D. Hallen, in pro. per.*

MCCARTHY, J. This is an action brought against the principal and sureties in an undertaking given on an order of arrest obtained in an action in the supreme court. The following admissions explain the case: It is admitted that an action was brought against the plaintiff in this action by William G. Jones, in the supreme court, and that an undertaking was given in that action to obtain an order of arrest, which undertaking was signed by Josephine S. Jones and Frederick W. Klein. And it is admitted that the undertaking bears date December 5, 1891, and was given in an action wherein William G. Jones was plaintiff, and Henry Halsey and James D. Hallen were defendants. It is further admitted that the defendants Josephine S. Jones and Frederick W. Klein were sureties in this action, and said Henry Halsey and James D. Hallen, the plaintiff, were arrested and held in bail. It is further admitted that on the 13th day of May, 1892, on the application of the plaintiff, and the consent of Messrs. Cantor, Lenson, and Van Shaick, plaintiff's attorneys in said suit, the order was vacated. It is further admitted that the plaintiff in this action paid $250 counsel fees, and in obtaining sureties, to obtain his release from arrest. I have examined all the cases referred to by the appellants' counsel, and do not find they bear out his contentions. No error was committed by the trial justice, and a verdict was properly directed for the plaintiff. Judgment should be affirmed, with costs.